UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


SEAN WENCLASKY,

       Petitioner,

v.                                     Case No. 2:15-cv-149
                                       HON. JANET T. NEFF

JEFFREY WOODS,

       Respondent.

_____/


## REPORT AND RECOMMENDATION

Petitioner Sean Wenclasky, filed this petition for writ of habeas corpus challenging his sentence after pleading nolo-contendere to armed robbery and second-degree criminal sexual conduct (CSC). Petitioner was sentenced to concurrent terms of imprisonment of 57 months to 180 months for the unarmed robbery conviction and 84 months to 180 months for the CSC conviction.

On October 14, 2016, the Honorable Judge Robert Holmes Bell ordered Petitioner to show cause why his petition should be stayed to allow him to exhaust his unexhausted claim. Petitioner failed to show cause for a stay of the proceedings and, therefore, only Petitioner's exhausted claims remain.  He asserts that:

    I.     Petitioner is entitled to resentencing where the sentencing guidelines were mis-scored in violation of the state and federal due process right to sentencing based upon accurate information.

    II.    Petitioner's trial defense counsel was ineffective for failing to challenge the scoring of offense variables.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective.  Because this petition was filed after the effective date of the AEDPA,

this Court must follow the standard of review established in that statute.  Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court.  28 U.S.C. § 2254(d).  This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law.  *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998).  To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision.  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  The Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."  *Id.*  A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.*  A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its

independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412.  Rather, the application must also be "unreasonable."  *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)).  Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings.  *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998).  The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness.  This presumption has always been accorded to findings of state appellate courts, as well as the trial court.  *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990).  Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct.  The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner argues that the trial court violated his right to due process when it relied on inaccurate information and mis-scored Offense Variables (OV) 3 and 9 of the Michigan Sentencing Guidelines. OV 3 is scored when there is some degree of physical injury to a victim. Mich. Comp. Laws § 777.33(1).  Petitioner's OV 3 was scored at 5 points because the Petitioner bit the victim's neck and left a "hickey" or large bruise.  Petitioner argues that this does not amount to physical harm. OV 9 is scored based on the number of victims. Mich. Comp. Laws § 777.39(1). Petitioner's OV 9 was scored at 10 points because the victim's 5-year old sister was present during

3

the commission of the CSC.  However, Petitioner argues that the victim's sister was not placed in danger of physical injury or death.

Claims concerning the improper scoring of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas *review); Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Koras v. Robinson*, 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citing *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003)). *See also Doyle*, 347 F. Supp. 2d at 485 (a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence

that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted). A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Koras*, 123 F. App'x at 213 (quoting *Roberts v. United States*, 455 U.S. 552, 556 (1980)); *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *Townsend v. Burke*, 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). *Koras*, 123 F. App'x at *213 (quoting United States v. Stevens*, 851 F.2d 140, 143 (6th Cir. 1988)). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

Petitioner's sentence is not so disproportionate to the crime as to be arbitrary or shocking. *Doyle*, 347 F. Supp. 2d at 485. Petitioner was sentenced concurrently for unarmed robbery to a term of imprisonment of 57 months to 180 months, and for CSC to a term of imprisonment of 84 months to 180 months. (ECF No. 9-6; PageID.81). Petitioner's sentences are within the statutory maximum penalties for unarmed robbery and second degree CSC. (Mich. Comp. Laws § 750.530, unarmed robbery, provides a maximum punishment of up to 15 years imprisonment and Mich. Comp. Laws § 750.520(c), second degree CSC, provides a maximum punishment of up to 15 years imprisonment).

Further, Petitioner does not claim that his sentence was based upon materially false information, but that the sentencing court incorrectly interpreted the factual information before it.

At the June 27, 2014 hearing, the state court set forth its reasoning in scoring offense variables OV

3 and OV 9:

> The police report which the Court relied on for the factual basis of charges due to Mr. Wenclasky's no-contest plea said the victim received a hickey on her neck from Mr. Wenclasky biting her.
>
> This Court determines that a hickey is an injury, although, not requiring medical treatment. Therefore, offense variable three was scored properly.
>
> Mr. Wenclasky also contends that offense variable nine was scored incorrectly, because it was not more than one person who was placed in danger of physical injury during the offense.
>
> As I've indicated, from the presentence report based on the police report, the eight-year-old victim's five-year-old sister was in the room when Mr. Wenclasky sexually assaulted the older girl.
>
> Mr. Wenclasky claims that the five-year-old was not in danger, citing *People v. Phelps*, 288 Mich App 123 (2010), where the Court of Appeals held that two, teenage friends of a sexual assault victim were not in danger merely because they were in the room at the time of the attack.
>
> However, the Court finds there are significant factual differences in *Phelps* and in this case. In *Phelps*, the sexual encounter began consensually between a sixteen-year-old victim and her assailant. . .
>
> In this case however, Mr. Wenclasky sexually assaulted an eight-year-old girl as she tried to get away from him. That's a distinction with a difference.
>
> Further, the Court finds that the facts of this case are more closely in similarities to those in *People v. Waclawski*, 286 Mich App 634 (2009), of our State Court of Appeals where it was found that two, young boys were placed in danger by being in a house at the time the defendant molested another young boy.
>
> While it's true that the two other boys were also molested by the defendant on other occasions, the Court finds the facts in *Waclawski* are more similar to this case than those in *Phelps*.

6

> Therefore, the Court determines that the eight-year-old victim's younger sister was placed in danger of physical injury, and offense variable nine was scored correctly.

(ECF No. 9-7; PageID.83).   In the opinion of the undersigned, the state-court's rejection of Petitioner's claim was based on a reasonable determination of the facts and was neither contrary to nor an unreasonable application of established Supreme Court Precedent. 28 U.S.C. § 2254(d).

Petitioner additionally argues that his trial counsel was ineffective for failing to challenge the sentencing guidelines score. In order to prevail on a claim of ineffective assistance of counsel, Petitioner must prove: (1) that counsel's performance was deficient requiring the showing that counsel made errors so serious that counsel was not function as the counsel guaranteed by the Sixth Amendment, and (2) that counsel's deficient performance prejudiced the defense resulting in an unreliable or fundamentally unfair outcome. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

With regard to the performance prong of the inquiry, the defendant must show that the counsel's representation fell below an objective standard of reasonableness. *Id.* at 689. Where counsel's performance did not fall below an objective standard of reasonableness, the court need not reach the question of prejudice as the court does not need to address both prongs if there is an insufficient showing on one. *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004) (quoting *Strickland*, 466 U.S. at 697). Even if a court determines that counsel's performance was outside the wide range professionally competent assistance, the petitioner is not entitled to relief if his counsel's error had no effect on the judgement. *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Rather, a petitioner must show that the probability that the outcome of the case would have been different but for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d at 848.

7

Furthermore, counsel's failure to make a frivolous or meritless motion does not constitute ineffective assistance of counsel. *See Smith v. Bradshaw*, 591 F.3d 517, 523 (6th Cir. 2010); *O'Hara v. Brigano*, 499 F.3d 492, 506 (6th Cir. 2007); *Chegwidden v. Kapture*, 92 F. App'x 309, 311 (6th Cir. 2004); *Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000). The Sixth Circuit has held that "[o]mitting meritless arguments is neither professionally unreasonable nor prejudicial." *Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013). The court's review of defense counsel's performance is highly deferential, and defense counsel's conduct is presumed to fall "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S at 689. The petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999).

Petitioner's counsel filed a motion for resentencing based on the alleged inaccuracy of the scoring of the OV 3 and 9. The state court rejected Petitioner's claim that the scoring variables were inaccurate. Counsel stated that the motion was brought to "preserve this issue" for appeal. (ECF No. 9-7; PageID.82). Petitioner has failed to show that his counsel was ineffective during sentencing. In the opinion of the undersigned, Petitioner cannot overcome the presumptions of *Strickland* and support a claim of ineffective assistance of counsel. In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate

of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong.  Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: October 15, 2018

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE